UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
JEFFREY M. DUBAN, individually and on
behalf of all others similarly situated,

                   Plaintiff,

v.

SCANDINAVIAN AIRLINES SYSTEM, INC. and
SCANDINAVIAN AIRLINES OF NORTH
AMERICA, INC.,

                   Defendants.
------------------------------------------------------------------X

Civil Action No.
21-cv-04524

**NOTICE OF REMOVAL**

       Defendants SCANDINAVIAN AIRLINES SYSTEM (sued incorrectly herein as "SCANDINAVIAN AIRLINES SYSTEM, INC.") (hereinafter "SAS") and SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC. (hereinafter "SANA"), by and through their attorneys, Condon & Forsyth LLP, hereby remove this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in 28 U.S.C. § 1332(d) and 1453). In support of this Notice of Removal, SAS and SANA state as follows:

       1.     On or about April 14, 2021, Plaintiff Jeffrey M. Duban filed a putative class action against Defendants by the filing of a Complaint in the Supreme Court of the State of New York (County of New York), with Index No. 153608/2021. A copy of the Summons and Complaint is attached hereto as Exhibit "A."

       2.     According to the Affidavits of Service filed by Plaintiff on April 26, 2021, service was made on SAS and SANA on April 19, 2021. While Defendants do not concede the adequacy of the service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

3. No further proceedings have taken place in this action.

4. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This applies to class actions. *See* 28 U.S.C. § 1453. Generally, as set forth in 28 U.S.C. 1332(d)(2), CAFA confers original federal jurisdiction over a class action "if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. ——, ——, 133 S. Ct. 1345, 1348 (2013)). Because each of these three elements is satisfied according to Plaintiff's allegations here, this Court has original and removal jurisdiction over this action.

5. First, a "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a). Plaintiff expressly alleges that the action is brought as a class action under Article 9 of the New York Civil Practice Law and Rules. (*See* Compl. ¶ 46.) Plaintiff also alleges that "[w]hile the exact number of Class members can be determined only by appropriate discovery, Plaintiff believes that members of the Class number in the hundreds or more." (*Id.* ¶ 48.) Thus, although Defendants maintain that this case may not proceed on a class basis, Plaintiff's allegations satisfy the class action numerosity requirement for purposes of CAFA jurisdiction and removal.

6. Second, Plaintiff alleges that he is a resident and citizen of New York. (*See* Compl. ¶ 5.) Defendant SAS is a citizen of its place of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). SAS is a consortium of corporations organized under the laws of

Denmark, Norway, and Sweden, and is headquartered in Stockholm, Sweden. Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). Accordingly, minimal diversity is satisfied.

7. Third, CAFA jurisdiction requires the amount in controversy to exceed "the sum or value of $5,000,000, exclusive of interest and costs," and expressly requires that "the claims of the individual members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(2). Plaintiff expressly alleges compensatory damages on behalf of himself individually in excess of $2,000. (*See* Compl. ¶ 30.) Additionally, Plaintiff expressly seeks punitive damages on behalf of the Class. (*Id.* ¶ 73(c).)

8. Plaintiff defines the purported Class as, "[a]ll United States customers of the Defendants who purchased tickets for air travel scheduled to take place between March 1, 2020 and the present whose flights were canceled by Defendants, and who have not received a ticket purchase refund from Defendants." (*Id.* ¶ 46.) Based on the number of SAS customers who purchased tickets in the United States for air travel scheduled to take place between March 1, 2020 and May 1, 2021, the number of flights that were cancelled by SAS, and the number of passengers who subsequently received refunds, there is a reasonable probability that 1) the size of the putative Class (as alleged and defined by Plaintiff) exceeds 41,000 members, and, 2) in view of Plaintiff's claimed individual damages and claim for punitive damages on behalf the Class, the amount in controversy exceeds the value of $5,000,000, as required by 28 U.S.C. § 1332(d). *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014); *Andersen v. Walmart Stores, Inc.*, No. 16 Civ. 6488 (CJS), 2017 WL 661188, at *5 (W.D.N.Y. Feb. 17, 2017); *see also* the accompanying Declaration of Anna Mossberg, annexed hereto as Exhibit "B," at ¶¶ 6–7 (explaining that the number of SAS customers who are designated in SAS's records as "U.S. Point of Sale" – *i.e.*, individuals who purchased

tickets through SAS's U.S. website, www.flysas.com/us, or through third party entities located in the United States – who were scheduled to travel between March 1, 2020 and May 1, 2021, and whose flights were cancelled by SAS largely due to the ongoing COVID-19 pandemic and consequent travel restrictions, is approximately 122,000, and that among these SAS customers, approximately 80,100 received cash refunds as of May 1, 2021.).

9. Therefore, Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1453(b), which permit removal of any class action as defined by 28 U.S.C. § 1332(d)(1).

10. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Southern District of New York, which is the district in which the action is pending.

11. Defendants will file this date a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, as required by 28 U.S.C. § 1446(d).

12. Defendants will this date give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants SAS and SANA pray that this action now pending in the Supreme Court of the State of New York (New York), be removed therefrom to this Court pursuant to 28 U.S.C. §§ 1441 and 1453(b).

Dated: New York, New York
May 19, 2021

CONDON & FORSYTH LLP

By  /s/ Bartholomew J. Banino
    Bartholomew J. Banino (BB4164)
    bbanino@condonlaw.com
    Marissa N. Lefland (ML8217)
    mlefland@condonlaw.com
    Sharon Samuel Ourien (SO0215)
    sourien@condonlaw.com

7 Times Square
New York, New York 10036
(212) 490-9100

*Counsel for Defendants*
*SCANDINAVIAN AIRLINES SYSTEM and*
*SCANDINAVIAN AIRLINES OF NORTH AMERICA, INC.*

TO:   Law Offices of G. Oliver Koppell & Associates
      99 Park Ave., Suite 1100
      New York, NY 10016
      (212) 867-3838

      *Counsel for Plaintiff and the Putative Class*